McGREGOR W. SCOTT
United States Attorney
MICHELE BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-00128-JAM |
| Plaintiff, | |
| v. | MOTION AND ~~PROPOSED~~ ORDER TO DISMISS SECOND SUPERSEDING INDICTMENT |
| BRIAN ROBINSON, KIMBERLY SANTIAGO ROBINSON, CUC THI SCHAEFFER, JOHN ACOSTA, ANTONIO BENITEZ GONZALEZ, | |
| Defendants. | |

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States hereby moves to dismiss the Second Superseding Indictment with prejudice, consistent with the Agreement for Dismissal and the Consent Judgment for Forfeiture, both of which are incorporated by reference into this motion. The Second Superseding Indictment contains the only charges pending against the defendants.

///
///
///
///
///

1

1      The government's motion to dismiss is contingent upon all parties' execution of the attached

2 Agreement for Dismissal and the Consent Judgment for Forfeiture, and the Court's granting of the

3 motion and adoption of the Consent Judgment for Forfeiture will terminate the case.

4 Dated: 7/11/19                 McGREGOR W. SCOTT
                               United States Attorney

5

6                By:

                               MICHELE BECKWITH

7                                KEVIN C. KHASIGIAN
                               Assistant U.S. Attorneys

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                               2

McGREGOR W. SCOTT
United States Attorney
MICHELE BECKWITH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-00128-JAM |
| Plaintiff, | |
| v. | AGREEMENT FOR DISMISSAL |
| BRIAN ROBINSON, KIMBERLY SANTIAGO ROBINSON, CUC THI SCHAEFFER, JOHN ACOSTA, ANTONIO BENITEZ GONZALEZ, | |
| Defendants. | |

The United States of America and defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez stipulate and agree that the Second Superseding Indictment should be dismissed. The United States will move the court to dismiss the Second Superseding Indictment based on this agreement, which will be appended to the United States' motion for dismissal and become part of the record in this action. Further, provided the defendants abide by the terms of this Agreement and Stipulation for Consent Judgment of Forfeiture, the United States agrees it will not institute new charges arising out of the same operative facts alleged in the Superseding Indictment, Motion to Dismiss, or Stipulation for Consent Judgment of Forfeiture.

///

3

# I.  CASE HISTORY

The parties agree and stipulate the following is true:

1.     Since at least 2013, Mr. Robinson has resided in Fairfield, California, in the Eastern District of California, with co-defendant Kimberly Santiago Robinson.

2.     On November 19, 2015, defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez were indicted for various criminal drug offenses in the District of Nebraska in case number 8:15-CR-178 (the "Nebraska Criminal Case").  The Nebraska Criminal Case stemmed from an April 2014 traffic stop in Seward County, Nebraska during which law enforcement found over $380,000 in cash in defendant Brian Robinson's vehicle.

3.     The government filed two Superseding Indictments in the Nebraska Criminal Case.  The Second Superseding Indictment charges Defendant Brian Robinson with the following offenses: (1) conspiracy to possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846; (2) promoting, managing establishing, carrying on, facilitating, or distributing the proceeds of, any unlawful activity, to wit, conspiracy possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 18 U.S.C. § 1952(a)(1) and (a)(3); and (3) money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  Defendant Kimberly Santiago Robinson was charged with drug and money laundering offenses, in violation 18 U.S.C. § 1956(h) and 21 U.S.C. § 846. Defendants Cuc Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez were charged with violating 21 U.S.C. § 846.

4.     On or about June 29, 2018, the U.S. District Court for the District of Nebraska ordered the transfer of the Nebraska Criminal Case to the U.S. District Court for the Eastern District of California under Federal Rule of Criminal Procedure 21(b)'s venue provision.

## II.  WAIVERS

5.     Defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez waive any claims against any party, including but not limited to the United States and all its agencies and employees, arising from the investigation into, or prosecution

4

1 | of, each defendant and their co-defendants. This waiver shall bind their heirs and assigns.

2 |       6.    In addition, defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer,

3 | John Acosta, and Antonio Benitez Gonzalez agree that this agreement, including this waiver, shall apply

4 | to all unknown and unanticipated results of the transactions and occurrences described above and in the

5 | attached Consent Judgment for Forfeiture, as well as those known and anticipated.

6 |       7.    Upon advice of counsel, defendants Brian Robinson, Kimberly Santiago Robinson, Cuc

7 | Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez hereby knowingly waive any and all rights

8 | and protections under the provisions of California Civil Code § 1542, which provides: "A general release

9 | does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the

10 | time of executing the release, which if known by him or her must have materially affected his or her

11 | settlement with the debtor."

12 | *Consent Judgment of Forfeiture*

13 |       8.    Defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John

14 | Acosta, and Antonio Benitez Gonzalez waive any right and agrees to forfeit any and all of the cash seized

15 | by law enforcement during searches in April 2014 and June 2015, which totaled $460,050.00.

16 | Defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John Acosta, and Antonio

17 | Benitez Gonzalez waive any rights and agree to forfeit any and all of the funds in the ten bank accounts

18 | seized by law enforcement on or about June 1, 2015, as fully set forth in the attached Consent Judgment

19 | for Forfeiture. Defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John

20 | Acosta, and Antonio Benitez Gonzalez agree to execute the attached Consent Judgment for Forfeiture

21 | and understand it will be filed in the Eastern District of California.

22 |       9.    The defendants agree to fully assist the government in the forfeiture of the assets listed in

23 | the Consent Judgment and to take whatever steps are necessary to pass clear title to the United States,

24 | including, but not limited to, withdrawing any claims filed to any of the assets in any administrative or

25 | judicial proceeding, which may be pending or initiated in the future. The defendants further agree to

26 | waive their right to notice of any forfeiture proceeding involving these assets, and agree to not file a

27 | claim or assist others in filing a claim in any forfeiture proceeding.

28 |

### III. OTHER TERMS AND CONDITIONS

10. This agreement, which supports forfeiture of the specified property, results from negotiations following a proposal by counsel for defendant Brian Robinson to fully resolve the criminal case transferred from the District Court in Nebraska to the District Court in the Eastern District of California. The government has obtained the approvals required to move forward with this package offer to defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez.

11. Each defendant acknowledges and understands that the agreement made to them here by the government is a "package offer." That is, each defendant understands that the offer made to them is conditioned on each co-defendant agreeing to the terms described herein. Each defendant understands that if any of the co-defendants decline, refuse or fail to agree to the terms of this agreement, or to execute any of the underlying documents to this agreement, then, at the option of the government, the agreement is voidable.

12. Recognizing that this is a package offer, each defendant confirms that they have not been threatened, pressured, or coerced by any other person, including any co-defendant, to enter into this agreement. Each defendant also confirms that they enter into this agreement voluntarily and without any coercion by anyone.

13. By joining this Agreement and the Consent Judgment of Forfeiture, the defendants are not admitting to any specific interest in the proceeds sought to be forfeited and are agreeing to the forfeiture as part of a global resolution of the matter.

14. Other than this Agreement and the Consent Judgment of Forfeiture, no agreement, understanding, promise or condition between the government and the defendant exists, nor will any such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///
///

6

# IV. APPROVALS AND SIGNATURES

**A.    Defendant Brian Robinson**

1.    Defense Counsel

I have read this agreement and discussed it fully with my client.  The agreement accurately and completely sets forth the entirety of the agreement, I concur in my client's decision to enter in this agreement and the consent judgment for forfeiture.

Dated: 6/18/2019                                      By: _____
                                                                            Robert M. Wilson
                                                                            Attorney for defendant Brian Robinson

2.    Defendant

I have read this agreement and carefully reviewed it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the criminal case and forfeitures.  No other promises or inducements have been made to me, other than those contained the agreement accurately and completely sets forth the entirety of the agreement.  In addition, no one has threated, coerced or forced me in any way to enter this agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 6-18-19                                        By: _____
                                                                            BRIAN ROBINSON, Defendant

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

7

**B.     Defendant Kimberly Santiago Robinson**

   1.     <u>Defense Counsel</u>

   I have read this agreement and discussed it fully with my client. The agreement accurately and completely sets forth the entirety of the agreement, I concur in my client's decision to enter in this agreement and the consent judgment for forfeiture.

Dated: _6/17/19_

_Dustin Johnson_
Dustin D. Johnson
Attorney for claimant Kimberly Santiago Robinson

   2.     <u>Defendant</u>

   I have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the criminal case and forfeitures. No other promises or inducements have been made to me, other than those contained the agreement accurately and completely sets forth the entirety of the agreement. In addition, no one has threated, coerced or forced me in any way to enter this agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: _6/3/19_                          By: _Kimberly Santiago Robinson_
                                              KIMBERLY SANTIAGO ROBINSON,
                                              Defendant

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8

G.  Defendant Cuc Thi Schaeffer

1.  Defense Counsel

I have read this agreement and discussed it fully with my client. The agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to enter in this agreement and the consent judgment for forfeiture.

Dated: 7/3/19

_____
Mark Schwartz
Attorney for Cuc Thi Schaeffer

2.  Defendant

I have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the criminal case and forfeitures. No other promises or inducements have been made to me, other than those contained the agreement accurately and completely sets forth the entirety of the agreement. In addition, no one has threated, coerced or forced me in any way to enter this agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: July 3, 2019

By: _____
CUC THI SCHAEFFER, Defendant

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9

**D. Defendant John Acosta**

    1.   Defense Counsel

I have read this agreement and discussed it fully with my client. The agreement accurately and completely sets forth the entirety of the agreement, I concur in my client's decision to enter in this agreement and the consent judgment for forfeiture.

Dated: _6-20-29_

                                  Hayes H. Gable
                                  Attorney for claimant John Acosta

    2.   Defendant

I have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the criminal case and forfeitures. No other promises or inducements have been made to me, other than those contained the agreement accurately and completely sets forth the entirety of the agreement. In addition, no one has threated, coerced or forced me in any way to enter this agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: _6-20-19_                 By:                                 
                                                    JOHN ACOSTA, Defendant

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

10

**E.** **Defendant Antonio Benitez Gonzalez**

1. Defense Counsel

I have read this agreement and discussed it fully with my client. The agreement accurately and completely sets forth the entirety of the agreement, I concur in my client's decision to enter in this agreement and the consent judgment for forfeiture.

Dated: **6-25-2019**

Todd D. Leras
Attorney for claimant Antonio Benitez Gonzalez

2. Defendant

I have read this agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the criminal case and forfeitures. No other promises or inducements have been made to me, other than those contained the agreement accurately and completely sets forth the entirety of the agreement. In addition, no one has threated, coerced or forced me in any way to enter this agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: **6/25/19**

By: ANTONIO BENITEZ GONZALEZ,
Defendant

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

11

## F.  Attorney for the United States

On behalf of the government, I accept and agree to this agreement concerning defendants Brian Robinson, Kimberly Santiago Robinson, Cuc Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez.

Dated: 7/11/19

McGREGOR W. SCOTT
United States Attorney

By:

MICHELE BECKWITH
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

12

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-00128-JAM |
| Plaintiff, | |
| v. | ORDER DISMISSING SECOND SUPERSEDING INDICTMENT |
| BRIAN ROBINSON, KIMBERLY SANTIAGO ROBINSON, CUC THI SCHAEFFER, JOHN ACOSTA, ANTONIO BENITEZ GONZALEZ, | |
| Defendants. | |

## **ORDER**

Upon motion of the government, it is ORDERED that the Second Superseding Indictment is dismissed.

~~March~~ July 16, 2019

_(signature)_

HON. JOHN A. MENDEZ
United States District Judge

13

McGREGOR W. SCOTT
United States Attorney
MICHELE BECKWITH
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-MC-00115-JAM-KJN |
| Plaintiff, | |
| v. | STIPULATION FOR CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $380,050.00 IN U.S. CURRENCY SEIZED FROM BRIAN ROBINSON IN SEWARD COUNTY, NEBRASKA ON APRIL 25, 2014, | |
| APPROXIMATELY $4,981.25 SEIZED ON JUNE 1, 2015, FROM PNC BANK, ACCOUNT NO. 1044172925, IN THE NAME OF PACAPROPERTIES LLC, A LIMITED LIABILITY CORPORATION REGISTERED TO BRIAN ROBINSON, | |
| APPROXIMATELY $17,758.15 SEIZED ON JUNE 1, 2015, FROM PNC BANK, ACCOUNT NO. 1011254828, IN THE NAME OF BRIAN AND REGINA ROBINSON, | |
| APPROXIMATELY $64,404.64 SEIZED ON JUNE 1, 2015, FROM PNC BANK, ACCOUNT NO. 1016651996, HELD IN THE NAME OF BRIAN ROBINSON, | |
| APPROXIMATELY $2,082.97 SEIZED ON JUNE 1, 2015, FROM TRAVIS CREDIT UNION, ACCOUNT NO. 544676, | |
| APPROXIMATELY $12,057.75 SEIZED ON JUNE 1, 2015, FROM WELLS FARGO BANK, ACCOUNT NO. 6563263778, | |

1   APPROXIMATELY $6,110.13 SEIZED ON
    JUNE 1, 2015, FROM WELLS FARGO BANK,
    ACCOUNT NO. 7353072494,

2

3   APPROXIMATELY $80,000.00 IN U.S.
    CURRENCY SEIZED ON JUNE 1, 2015, FROM
    2745 LAUREL DRIVE, FAIRFIELD,

4   CALIFORNIA,

5   APPROXIMATELY $29,663.95 SEIZED ON
    JUNE 1, 2015 FROM EDWARD JONES

6   ACCOUNT NO. 468-94759-1-3,

7   APPROXIMATELY $102,710.20 SEIZED ON
    JUNE 1, 2015 FROM EDWARD JONES

8   ACCOUNT NO. 376-09247-1-6,

9   APPROXIMATELY $3,645.34 SEIZED ON
    JUNE 1, 2015 FROM USAA ACCOUNT NO.

10  51418363, AND

11  APPROXIMATELY $1,655.69 SEIZED ON
    JUNE 1, 2015 FROM USAA ACCOUNT NO.

12  60431733.

13          Defendants.

14

15      The United States of America and potential claimants Brian Robinson ("Robinson"), Kimberly

16  Santiago Robinson ("Santiago Robinson"), Cuc Thi Schaeffer ("Schaeffer"), John Acosta ("Acosta"),

17  and Antonio Benitez Gonzalez ("Gonzalez") (hereafter collectively "Claimants"), by and through their

18  respective counsel, hereby agree and STIPULATE as follows:

19      1.      In October 2013, law enforcement intercepted several parcels containing cash sent from

20  Pennsylvania to a P.O. Box in Fairfield, California controlled by Robinson and Santiago Robinson. After

21  a drug dog positively alerted to the odor of narcotics on the packages, law enforcement searched them

22  and found several empty cereal boxes containing approximately $289,400 in cash. Law enforcement

23  subsequently searched Robinson's and Santiago Robinson's Fairfield home and discovered $20,000 in

24  cash, a money counter, items consistent with marijuana trafficking, and documents connecting Schaeffer

25  and Acosta to marijuana grow properties in California. After the search, law enforcement searched two

26  more packages addressed to Brian Robinson at his P.O. Box in Fairfield, California. The packages

27  contained a total of $164,020 in cash.

28      2.      On November 8, 2013, law enforcement searched 3301 Pope Avenue in Sacramento,

2

California, a property identified through documents found at Robinson's Fairfield home.  During the search, law enforcement found paperwork linking the occupant, Schaeffer, to Robinson, Acosta and marijuana trafficking, as well as property located at 6300 Blarney Way in Pilot Hill, California.  Law enforcement interviewed Schaeffer who acknowledged owning 6300 Blarney Way in Pilot Hill, California, and renting the property to Acosta.  Pilot Hill is a rural town located in El Dorado County.

3.     On November 13, 2013, law enforcement searched 6300 Blarney Way in Pilot Hill and found a dismantled marijuana grow operation containing piles of marijuana leaves and trimmings, pots containing marijuana stalks, and marijuana drying devices.  An aerial image obtained by law enforcement shows an active marijuana grow at the property on September 13, 2013.

4.     On January 31, 2014, law enforcement arrested Gonzalez after connecting his vehicle to marijuana trafficking through a receipt signed by Schaeffer.  Gonzalez acknowledged to law enforcement that he assisted Acosta with the marijuana grow operation in El Dorado County (*Pilot Hill*) and operating an indoor grow operation at a house located at 150 Arcade Boulevard in Salinas, California.

5.     On March 18, 2014, law enforcement searched 150 Arcade Boulevard in Salinas, California and found forty-nine mature marijuana plants, multiple rolls of vacuum-seal plastic and pre-cut squares of vacuum-sealing packaging.  Acosta was present at the house during the search.

6.     On or about April 25, 2014, Seward County Sheriff's Officers conducted a traffic stop of Robinson's 2008 GMS Sierra pickup truck as the vehicle traveled westbound on Interstate 80 in Seward County, Nebraska.  Robinson was the driver and sole occupant of the vehicle.  A drug dog trained to alert to the presence of the odor of narcotics was present at the traffic stop and positively alerted to the odor of narcotics on Robinson's vehicle.  A subsequent search of the vehicle uncovered a black duffel bag containing eleven Ziplock bags stuffed with rubber-banded bundles of currency.  A later bank count of the rubber-banded cash seized from duffel bag totaled $380,050.00 in cash—the "defendant $380,050.00 in U.S. Currency."

7.     On June 1, 2015, law enforcement searched Robinson's and Santiago Robinson's Fairfield home and found $80,000 in cash—the "defendant $80,000.00 in U.S. Currency."  Law enforcement also seized bank accounts connected to Robinson, Santiago Robinson and/or Robinson's businesses at the following financial institutions:  PNC Bank, Travis Credit Union, Wells Fargo Bank, Edward Jones, and

3

1  United Services Automobile Association ("USAA"). In total, law enforcement seized ten bank accounts,
2  as set forth above.

3      8.     For the purposes of this settlement only, claimants do not dispute the United States
4  could show at a forfeiture trial that the defendant assets are forfeitable to the United States pursuant to
5  21 U.S.C. § 881(a)(6).

6      9.     Without admitting the truth of the factual assertions contained in this stipulation, claimants
7  specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of
8  this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant
9  assets. Claimants hereby acknowledge that they are the sole owners of the defendant assets, and that no
10 other person or entity has any legitimate claim of interest therein. Should any person or entity institute
11 any kind of claim or action against the government with regard to its forfeiture of the defendant assets,
12 claimants shall hold harmless and indemnify the United States, as set forth below.

13     10.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this
14 is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

15     11.    This Court has venue pursuant to 28 U.S.C. § 1395.

16     12.    The parties herein desire to settle this matter, and a Consent Judgment of Forfeiture may
17 be entered based upon the following terms with which claimants expressly agree:

18          a.     All right, title, and interest of Brian Robinson, Kimberly Santiago Robinson,
19 Cuc Thi Schaeffer, John Acosta, and Antonio Benitez Gonzalez in the following assets, plus any
20 accrued interest, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed
21 of according to law:

22          i.    Approximately $380,050.00 in U.S. Currency seized from Brian Robinson in
                  Seward County, Nebraska on April 25, 2014,
23
24          ii.   Approximately $4,981.25 seized on June 1, 2015, from PNC Bank, Account No.
                  1044172925, in the name of Pacaproperties LLC, a limited liability corporation
                  registered to Brian Robinson,
25
26          iii.  Approximately $17,758.15 seized on June 1, 2015, from PNC Bank, Account No.
                  1011254828, in the name of Brian and Regina Robinson,
27          iv.   Approximately $64,404.64 seized on June 1, 2015, from PNC Bank, Account No.
                  1016651996, held in the name of Brian Robinson,
28
            v.    Approximately $2,082.97 seized on June 1, 2015, from Travis Credit Union,

                                        4
                                                        Stipulation for Consent Judgment of Forfeiture

Account No. 544676,

vi.   Approximately $12,057.75 seized on June 1, 2015, from Wells Fargo Bank, Account No. 6563263778,

vii.  Approximately $6,110.13 seized on June 1, 2015, from Wells Fargo Bank, Account No. 7353072494,

viii. Approximately $80,000.00 in U.S. Currency seized on June 1, 2015, from 2745 Laurel Drive, Fairfield, California,

ix.   Approximately $29,663.95 seized on June 1, 2015 from Edward Jones Account No. 468-94759-1-3,

x.    Approximately $102,710.20 seized on June 1, 2015 from Edward Jones Account No. 376-09247-1-6,

xi.   Approximately $3,645.34 seized on June 1, 2015 from USAA Account No. 51418363, and

xii.  Approximately $1,655.69 seized on June 1, 2015 from USAA Account No. 60431733.

b.    Claimants hereby release the United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

c.    Pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action.

///

///

///

///

5

1             d.    Each party represents that he or she understands the content of this Stipulation and

2   enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

3             e.    All parties will bear their own costs and attorney's fees.

4   Dated: 7/16/19

                   McGREGOR W. SCOTT
                   United States Attorney

6             By:

7                      MICHELE BECKWITH
                   KEVIN C. KHASIGIAN
                   Assistant U.S. Attorneys

9   Dated: 6-18-19

10                     BRIAN ROBINSON
                   Claimant

12  Dated: 6/14/19

13                     Robert M. Wilson
                   Attorney for claimant Brian Robinson

15  Dated: _____

                   KIMBERLY SANTIAGO ROBINSON
                   Claimant

17  Dated: _____

18                     Dustin D. Johnson
                   Attorney for claimant Kimberly Santiago Robinson

20  Dated: _____

                   CUC THI SCHAEFFER
21                     Claimant

23  Dated: _____

                   Mark Stewart Axup
                   Attorney for claimant Cuc Thi Schaeffer

25  Dated: _____

                   JOHN ACOSTA
26                     Claimant

28  Dated: _____

                   Hayes H. Gable
                   Attorney for claimant John Acosta

6

1          d.      Each party represents that he or she understands the content of this Stipulation and

2  enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

3          e.      All parties will bear their own costs and attorney's fees.

4  Dated: _____                              McGREGOR W. SCOTT
                                                     United States Attorney
5

6                                          By: _____

7                                              MICHELE BECKWITH
                                               KEVIN C. KHASIGIAN
8                                              Assistant U.S. Attorneys

9
   Dated: _____                          _____
10                                             BRIAN ROBINSON
                                               Claimant
11

12  Dated: _____                         _____
13                                             Robert M. Wilson
                                               Attorney for claimant Brian Robinson
14
   Dated: 6/8/2019                             _____
15                                             KIMBERLY SANTIAGO ROBINSON
                                               Claimant
16

17  Dated: 6/17/2019                           _____
18                                             Dustin D. Johnson
                                               Attorney for claimant Kimberly Santiago Robinson
19

20  Dated: _____                         _____
21                                             CUC THI SCHAEFFER
                                               Claimant
22

23  Dated: _____                         _____
                                               Mark Stewart Axup
24                                             Attorney for claimant Cuc Thi Schaeffer

25  Dated: _____                         _____
26                                             JOHN ACOSTA
                                               Claimant
27
   Dated: _____                          _____
28                                             Hayes H. Gable
                                               Attorney for claimant John Acosta

                                               6

      d.    Each party represents that he or she understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

      e.    All parties will bear their own costs and attorney's fees.

Dated: _____

    McGREGOR W. SCOTT
    United States Attorney

By:    _____
    MICHELE BECKWITH
    KEVIN C. KHASIGIAN
    Assistant U.S. Attorneys

Dated: _____

    _____
    BRIAN ROBINSON
    Claimant

Dated: _____

    _____
    Robert M. Wilson
    Attorney for claimant Brian Robinson

Dated: _____

    _____
    KIMBERLY SANTIAGO ROBINSON
    Claimant

Dated: _____

    _____
    Dustin D. Johnson
    Attorney for claimant Kimberly Santiago Robinson

Dated: July 1, 2019

    _____
    CUC THI SCHAEFFER
    Claimant

Dated: 7/1/19

    _____
    Mark Stewart Axup
    Attorney for claimant Cuc Thi Schaeffer

Dated: _____

    _____
    JOHN ACOSTA
    Claimant

Dated: _____

    _____
    Hayes H. Gable
    Attorney for claimant John Acosta

6    Stipulation for Consent Judgment of Forfeiture

1            d.     Each party represents that he or she understands the content of this Stipulation and

2  enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

3            e.     All parties will bear their own costs and attorney's fees.

4  Dated: _____                    McGREGOR W. SCOTT

5                                 United States Attorney

6                         By:

7                                 MICHELE BECKWITH

                                 KEVIN C. KHASIGIAN

8                                 Assistant U.S. Attorneys

9

10  Dated: _____

                               BRIAN ROBINSON

11                               Claimant

12  Dated: _____

13                               Robert M. Wilson

                               Attorney for claimant Brian Robinson

14  Dated: _____

15                               KIMBERLY SANTIAGO ROBINSON

                               Claimant

16

17  Dated: _____

                               Dustin D. Johnson

18                               Attorney for claimant Kimberly Santiago Robinson

19

20  Dated: _____

                               CUC THI SCHAEFFER

21                               Claimant

22

23  Dated: _____

                               Mark Stewart Axup

24                               Attorney for claimant Cuc Thi Schaeffer

25  Dated: 4/16/2019

26                               JOHN ACOSTA

                               Claimant

27  Dated: 2-18-2019

28                               Hayes H. Gable

                               Attorney for claimant John Acosta

Stipulation for Consent Judgment of Forfeiture

1

2   Dated: 5/14/19

3
                                    ANTONIO BENITEZ GONZALEZ
                                    Claimant

4   Dated: 5-14-19

5                                   Todd D. Leras
                                    Attorney for claimant Antonio Benitez Gonzalez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation for Consent Judgment of Forfeiture